Sands v. The County of Adams.

## SANDS V. THE COUNTY OF ADAMS.

1. REVENUE: TAXES ON LANDS ENTERED WITH LAND WARRANTS. Lands entered with military land warrants by the assignees of the warrantees are not exempt from taxation under the fifth sub-division of section 6 of the act of Congress, admitting the State of Iowa into the Union. Such lands are exempt only when held by the warrantee or his heirs.

*Appeal from Adams District Court.*

TUESDAY, APRIL 23.

INJUNCTION restraining the sale of certain lands for taxes. The petition shows that the plaintiff was the assignee of land warrants issued to soldiers for services rendered in the war of 1812, and is the patentee of the lands in controversy, which were entered with such warrants. On defendant's motion, the injunction was dissolved, and the plaintiff appeals.

*McPherson & Elliott*, for the appellant, as to the rule to be observed in the construction of the act referred to in the opinion of the court, cited *Barker v. Easly*, 19 Verm. 131; 1 Black. Com. 60; *James v. Dubois*, 1 Harr. (N. J.) 285; *Hutchins v. Niblo*, 4 Black. 148; *The United States v. Warner*, 4 McLean 463; *Allen v. Hartford Insurance Company*, 2 Md. 111; *Bidwell v. Whittaker*, 1 Mason (Mich.) 469; *Bartlett v. Morris*, 9 Ala.; *Cruger v. Cruger*, 5 Barb. S. C. 225.

*Frank M. Davis* for the appellee, to the points : 1. That the act under consideration is a compact which neither the State nor the United States may violate, cited *Dartmouth College* v. *Woodward*, 4 Wheat. 518; *New Jersey* v. *Wilson* 7 Cranch 164; *Fletcher* v. *Peck*, 6 Ib. 87; *Brewster* v. *Hoyt*, 10 N. H. 142; *Casson* v. *Glover*, 4 Mass. 305; *Charles River Bridge* v. *Warren Bridge*, 11 Pet. 556. 2. That it is to be strictly construed as applied as at the time at which it was entered into, and that neither party has the right to extend or restrict its application, cited *Philadelphia & Wilmington Railroad* v. *Maryland*, 10 How. (U. S.) 376; *Providence Bank* v. *Billings*, 1 Pet. 560; *United States* v. *Miners' Bank*, 1 G. Greene 562, and authorities cited above.

BALDWIN, J.—The decision of this cause involves a construction of the latter part of the 5th subdivision of section 6, of the act of Congress admitting the State of Iowa into the Union, which reads as follows : "That the bounty lands granted, or hereafter to be granted, for military services during the late war, shall, while they continue to be held by the patentees or their heirs, remain · exempt from any tax laid by order or under the authority of the State, county or township, or for any other purpose, for the term of three years after the date of the patents respectively." The plaintiff claims that as the assignee of certain military bounty land warrants, issued under the several acts of Congress, (whether under such acts prior or subsequent to the date of the act admitting Iowa into the Union does not appear) for the services of the warrantees who were soldiers of the war of 1812; that he is entitled to hold certain lands within said county, entered by him with said warrants, as exempt from taxation for three years after the issuance of the patent therefor.

This act of Congress, and the acceptance of the terms therein proposed by the State, is in the nature of a compact or agreement between the State and the Federal Government, in which the latter reserves to itself certain rights,

and among others the one above referred to. At the date of this compact there was in force an act of Congress granting bounty lands to soldiers of the war of 1812. The same act, however, which conferred this bounty, prohibited positively the right of the soldier to assign the same. By a subsequent act of Congress, other bounties were conferred upon such soldiers, and the restriction upon the right of the soldier to assign, removed. Without undertaking to determine whether the lands " granted or to be hereafter granted," as named in this compact, referred alone to warrants or lands granted or to be granted according to the bounty act when this agreement was made, or whether it included all lands to be granted under future as well as past legislation by Congress upon this subject, we are of the opinion that the plaintiff, as the assignee of such warrants issued under either act, can not claim the benefit of such exemption. At the date of this agreement the assignment of this bounty was prohibited. This prohibition became a part of the contract; and while Iowa consented that the soldier who served his country should enjoy the benefit of this exemption, she conceded no such right to the assignee of such bounty. Again, the exemption is limited to lands to be granted to " the soldier or his heirs," *and not to his assigns.* The land is exempted only while held by the patentee and his heirs. The word " patent," as here used, refers to the title given by the government for the land selected by the soldier. As soon as the tract of land is selected and properly entered by the soldier, he then becomes the patentee. A military bounty land warrant is not of itself a grant of land by the government, as in this act contemplated. The warrant confers no title; it is but the evidence of the right to such grant, and until the land is selected, the warrant located, there is no grant of lands. The soldier can not, by any act of his, transfer this exemption after he enters his land, because the privilege is to him and his heirs. If such right can not be assigned after he becomes the grantee, it certainly

was not contemplated by the parties to this contract that it could be assigned before such grant was made.

Judgment affirmed.