FISHER v. WISNER.

1. Taxation: PUBLIC LANDS: PATENT. Under the act of congress, supplemental to the act of March 3, 1845, for the admission of Iowa and Florida into the Union, land entered by the location of a military land warrant, continues exempt from taxation for the period of three years from and after the date of the patent.

2. —— The term "patent," refers to the instrument executed by the proper officers of the government as evidence of the title transferred to the patentee ; and it is from the date of this instrument, and not from any prior papers issued by the officers of the land office, that the period of exemption is to be computed from.

*Appeal from Hardin District Court.*

THURSDAY, JULY 25.

ACTION in chancery to set aside and avoid certain tax deeds. On the 2d day of March, 1838, plaintiff located a military bounty land warrant, issued to him for services in the war of 1812, upon the land involved in this suit. A patent for the land was issued April 10, 1860. The land was assessed for taxation for the years 1859, 1860, 1861, 1862. The taxes so assessed being delinquent and unpaid, the lands were sold to defendant therefor. There were several sales of the land for the unpaid taxes, but, as no question is raised in the opinion as to the time or manner of their sale, the facts in regard thereto need not be stated. Defendant paid all taxes assessed on the land for the several years from 1862 to 1869. Plaintiff offers to pay all legal taxes assessed against the land, and proved a tender of an amount of money made for that purpose. The amount of the tender was not objected to by defendant, but plaintiff's right to redeem from the taxes paid was denied. The relief asked is that the tax deeds held by defendant be declared illegal and void. Upon the hearing of the cause, plaintiff's petition was dismissed. He now appeals to this court.

*E. W. Eastman* for the appellant.

*Porter & Moir* for the appellee.

BECK, Ch. J. — The act of congress of March 3, 1845, supplemental to the act of the same date for the admission

of Iowa and Florida into the Union, among other restrictions upon the power of the State of Iowa, provides "that in no case shall non-resident proprietors be taxed higher than residents; and that bounty lands granted or hereafter to be granted for military services during the late war, shall, while they continue to be held by the patentees and their heirs, remain exempt from any tax laid by order or under authority of the State, whether for State, county, township or other purpose, for the term of three years from and after the date of the patents respectively." The only question presented by the case for our determination arises in the construction of this statute.

The tax sales of plaintiff's lands were for taxes levied before the expiration of three years from the date the patent issued; one or more of the sales were for taxes accruing subsequent to three years after the location of the land warrant. Defendant insists that the term for which exemption from taxation is provided for lands of this character begins to run upon the location of the land warrant, the issuing of the proper receipt or certificate by the officers of the land office where the land warrant is located. The plaintiff, on the other hand, maintains that the date of the patent fixes the time from which the three years exemption begins. No other point is presented or discussed by counsel.

The question we are required to decide presents no difficulty, as the language of the statute is explicit, and free from ambiguity. It declares that lands entered by military land warrants, issued or to be issued to soldiers of the war of 1812, while held by the patentees or their heirs, shall be exempt from State taxation "for three years from the date of the patents." The intention of congress was to exempt the lands from taxation for a period of time. That period is fixed to expire after three years from the date of the patent. We cannot infer that the intention of the law is, that the exemption shall exist for three years from the

time the soldier acquires the right or title to the land, and no longer. The unmistakable language of the act forbids such a conclusion. A time is fixed, the, date of the patent, by which the limit of the exemption can be determined with certainty. We know of no rule of construction which will authorize us to disregard the plain language of the law, and take another event, as the location of the warrant or the issuing of the land officer's receipt or certificate, to fix the time of the exemption.

That the location or entry of land, by the warrant of the soldier, passes to him the title, may be admitted. And this is the main point made and supported by the argument and authorities presented for our consideration by defendant's counsel. If this be so it has no bearing upon the point upon which the case turns. Congress, it is not denied, possessed the power to so impose the exemption as to operate after the title passed to the patentee. In fixing the period of this exemption, the plain language of the act quoted above is used. That the title of the land was in the patentee, before the patent was issued, can give no force to defendant's position.

Counsel for defendant cites *Sands* v. *The County of Adams*, 11 Iowa, 577, and relies upon an expression in the opinion, and by way of argument, to the effect, that the term "patent" refers to the title given by the government. Without inquiry as to the correctness of the expression, or suggesting a doubt of any such point being in the case, we are of the opinion that it has no bearing upon the question before us. The term "patent" unquestionably refers to the instrument executed by the proper officers of the government as evidence of the title transferred to the patentee. The date of this instrument, and not of any act of the land officers before the patent, is declared by the law to be the point of time from which the duration of the exemption is to be estimated.

*Witherspoon* v. *Duncan*, 4 Wall. 210, is also cited, but is

inapplicable to the question under consideration. The point decided is that lands are taxable by the States when entered under the provisions of law, even though no patent has been issued therefor. *Myers* v. *Croft*, (U. S. Sup. Court), Am. L. Reg. May, 1872, relied upon by defendant's counsel is equally without bearing upon the point it is cited to support. An act of congress authorizing pre-emption of the public lands, declares that " all assignments and transfers of the right hereby secured, prior to the issuing of the patent, shall be null and void." It is held that this restriction applies to the pre-emption *right* and not to the land; that after title has been acquired, by payment to the government, the party so entering the land may convey it. The case, by no means, holds that the term " patent " is applicable to the act of payment for an entry of the land.

The other authorities cited by defendant's counsel, are intended to establish the doctrine that upon entry of, payment for, the land, the *title* vests in the purchaser, who becomes the grantee of the government, and that the patent relates back to this act of entry. We have no occasion to pass upon this view, for if it be correct, as we have above remarked, it does not sustain the position of counsel. The act of congress under consideration, refers to the patent as an instrument; its character is well known. The date of this instrument fixes the extent of the exemption from taxation. Now the patent, as it confers title, may relate back to the date of entry. But this by no means affects the force of the provision, requiring the date of the instrument itself to be the beginning of the three years exemption.

The decision of the district court, dismissing plaintiff's petition, is reversed. The cause will be remanded for a final decree, in accordance with this opinion. The plaintiff will be required to pay all taxes advanced by defendant which were assessed against the land after the expiration

of three years from the date of the patent, with six per centum per annum interest thereon. Upon such payment being made, or provided for by the decree, and made a lien upon the land, defendant's tax titles will be declared invalid, and plaintiff's title to the land will be quieted. Defendant will pay the costs both of this court and the court below.

Reversed.