## CHURCHILL v. SOWARDS *et al.*

1. **Public Lands**: ENTRY: WHEN TAXABLE. Public lands entered by a military land warrant in this state continue exempt from taxation until three years after a patent is issued therefor, regardless of the date of entry. (See *Fisher v. Wisner*, 34 Iowa, 447.)

2. ————: PATENT: MISTAKE IN DESCRIPTION: ADVERSE POSSESSION. Plaintiff's grantor attempted to enter land in the southwest quarter of a certain section, but, by mistake, the entry and patent described it as being in the southeast quarter. Many years afterwards the patent was returned and cancelled, and another patent correctly describing the land was issued. *Held* that prior to the issuing of the second patent the statute of limitations did not run against the patentee in favor of one having possession of the land under a tax title.

*Appeal from Winnebago District Court.*—HON. J. C. SHERWIN, Judge.

FILED, OCTOBER 15, 1889.

ACTION to quiet title to land. Upon a trial on the merits there was a decree granting the relief prayed for in plaintiff's petition. Defendants West and Price appeal.

*Pickering & Hartley,* for appellants.

*David Secor* and *Glass & Hughes,* for appellee.

BECK, J.—I. The plaintiff claims under the patent title, and the defendants under a tax title, and upon adverse possession for more than ten years, held under color of title. The controlling facts in the case are these: The land in controversy is the southwest quarter, section 35, township 100, range 23, which was patented to Norman Churchill, plaintiff's grantor, November 17, 1884. Upon this brief chain of title plaintiff bases her claim to the land. The defendants claim under a tax title, based upon a treasurer's deed made September 6, 1868, on a tax sale made in 1865 for the taxes of 1861, 1862 and 1863. Defendants insist that the land was at these dates in fact owned by Norman Churchill, his title being based upon an entry and location on a military land-warrant, made in 1857. The facts as to the entry of the land are these: Churchill made application to enter the land in 1857, but, through a mistake it is presumed, the entry and patent issued thereon described the land in the southeast quarter instead of the southwest quarter. The patent was returned by patentee, and cancelled, and, in 1884, a patent correctly describing the land was issued. It appears that the land was entered upon the abstracts of entries kept in the proper county offices, which show the entry of the land by Churchill. Defendants claim that they and their grantor have held adverse possession of the land for more than ten years under color of title.

II. The land was not taxable until a patent was issued therefor. Public lands entered by a military land-warrant in this state continue exempt from state taxation until three years after the patent issued thereon. See supplemental act of congress of March 3, 1845, sec. 6, subd. 5, admitting Iowa and Florida into the Union; *Fisher v. Wisner,* 34 Iowa, 447. It may be assumed that the

1. PUBLIC LANDS: entry: when taxable.

land was in fact entered in 1857, yet, as no patent was issued for it until 1884, it was not taxable before the patent was issued. The assessments on the lands, the levies of taxes, the tax sale and treasurer's deed, are all void for the reason that the land was not subject to taxation.

III. Defendants insist that, as they have been in the actual adverse possession of the land under color of title, plaintiff's action is barred by the statute of limitations. This position cannot be sustained. As plaintiff's grantor had no patent for the land, and the patent issued to him was upon another tract, until the mistake was corrected, and a patent issued, he could not have maintained this action. The statute of limitations, therefore, did not begin to run against him until the patent was issued. It is true he had an equity in the land; but upon this equity, without a patent, he could not have maintained an action to recover the land, or quiet title thereto. His equity would ripen into a title, which he could quiet as against all who disputed it. Therefore, as his right of action had not accrued, the statute of limitations had not commenced to run against him until the patent for the land was issued, and upon the issuing of the patent it does not relate back to the entry, so that the patentee is to be held as having title from the entry. The doctrine of relation is based upon a fiction, and will not be recognized while it works absolute injustice, as it would in this case. These doctrines have been recognized by the United States supreme court in *Gibson v. Chouteau*, 13 Wall. 92; *Lynch v. Bernal*, 9 Wall. 315. These considerations lead us to the conclusion that the decree of the district court ought to be                                           AFFIRMED.

2 ——: patent: mistake in description: adverse possession.